PER CURIAM.
Appellant, Christopher Bosh, challenges a nonfinal “Order on Status Hearing” in an action for domestication and modification of a Maryland child custody order. This court has jurisdiction pursuant to Florida Rules of Appellate Procedure 9.130(a)(3)(B) and 9.130(a)(3)(C)(i) because part of the order is in the nature of an injunction and part of the order determines jurisdiction over the parties.
On the merits, we agree with Appellant that in finding personal jurisdiction over him, finding subject matter jurisdiction over “all issues related to the child,” and ordering the parties to dismiss their Maryland actions, the trial court violated his due process rights by granting relief that was not requested, noticed for hearing, or litigated at the status hearing. The trial court, sua sponte, set the case for a status hearing and heard argument on contested factual issues. The trial court then made several rulings that were not noticed, not sought, and not based on the presentation of evidence. The trial court also ordered the parties to voluntarily dismiss their Maryland actions, without authority to do so, instead of following the procedure set out in the Uniform Child Custody Judgment and Enforcement Act (“UCCJEA”), sections 61.501-.542, Florida Statutes.
Accordingly, we reverse the order on appeal and remand with directions that the trial court follow the procedures established in the UCCJEA in determining whether it should proceed to hear any matter related to the custody of the child. *632 To the extent that Appellee seeks to litigate child support issues, the trial court must grant Appellant an opportunity, upon proper notice, to present evidence and argument in support of his assertion that Texas has jurisdiction over that issue.[1]
REVERSED AND REMANDED WITH DIRECTIONS.
SAWAYA, LAWSON and BERGER, JJ., concur.

. In addition to the Florida and Maryland custody and visitation actions, the parties litigated child support in Texas.